©COPY

FILED
2013 MAR 22 PM 3:50
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

LAW OFFICES OF BARAK BERLIN
BARAK BERLIN (CASB No. 216115)
41530 Enterprise Circle South, Ste 209
Temecula, CA 92590
Telephone: 951-296-6188
Facsimile: 951-296-6187
Email: Barak@BerlinLawGroup.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEREMY R. MILLER,

    Plaintiff,

vs.

PALOMAR HEALTH dba PALOMAR POMERADO HEALTH, AMCOL SYSTEMS, INC., DAWNA SILVER, and DOES 1 through 10, inclusive

    Defendants.

CASE NO. ED CV 13 - 00540 VAP (OPx)

COMPLAINT FOR VIOLATIONS OF

(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*

(2) VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CA. CIV. CODE 1788 *ET SEQ*.

(3) INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

JURY DEMANDED by PLAINTIFF

Plaintiff, JEREMY R. MILLER ("Plaintiff"), alleges as follows against defendants Palomar Health dba Palomar Pomerado Health, AMCOL Systems, Inc. and Dawna Silver ("Defendants") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances as follows:

COMPLAINT

**GENERAL ALLEGATIONS**

1. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

4. Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendants' attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be owed to Palomar Pomerado Health by Plaintiff which caused Plaintiff actual and statutory damages.

5. Palomar Pomerado Health was attempting to collect money from Plaintiff that was allegedly owed for the balance of a bill sent to Plaintiff after an emergency room visit. Plaintiff's HMO, Kaiser Permanente paid Palomar Pomerado Health a substantial portion of

Plaintiff's emergency room bill. This attempt to collect additional money from the Plaintiff for emergency room services is commonly known as "Balance Billing".

6. The California Department of Managed Health Care adopted a regulation that defines Balance Billing as an unfair billing pattern. (Cal. Code Regs., tit. 28, §1300.71.39.) This regulation specifically defines unfair billing pattern to include:

> the practice by a provider of emergency services, including but not limited to hospitals and hospital-based physicians such as radiologists, pathologists, anesthesiologists, and on-call specialists, of billing an enrollee of a health care service plan for amounts owed to the provider by the health care service plan or its capitated provider for the provision of emergency services.

7. The use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

9. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

10. Personal jurisdiction is established because Defendants reside in and/or do business in the State of California.

**PARTIES**

11. Plaintiff, Jeremy R. Miller, is a natural person who resides in the City of Temecula, State of California.

12. Plaintiff was obligated or allegedly obligated to pay a debt for non-business purposes, and is, therefore a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

13. Defendant Palomar Health dba Palomar Pomerado Health ("PALOMAR"), is a hospital regularly engaged in attempting to collect debts owed to another in this state. Plaintiff is informed and believes that Defendant PALOMAR is a company which uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is defined by Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

14. Defendant PALOMAR's principal place of business is 15255 Innovation Drive, #150, San Diego, CA 92128.

15. Defendant AMCOL Systems, Inc. ("AMCOL") is a corporation that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

16. Defendant AMCOL states on its website:

> We provide collection and outsourcing solutions exclusively for hospitals, health systems, and physician groups. Our efforts help healthcare providers collect and recover millions of dollars each month. Secure and professional, our process has proven successful in the healthcare revenue cycle of facilities across the U.S.
>
> When searching for a business process outsourcing partner, consider AMCOL Systems. We are quality certified through ACA International's Professional Practice Management System (PPMS). With nearly 37 years of experience, we are confident in our ability to produce for you! Whether you are interested in self-pay collections, bad debt recovery, or insurance claims resolution, we'll get results! Contact us! We're ready!

17. Defendant AMCOL is located in the City of Columbia, in the State of South Carolina. Defendant's principal place of business is 111 Lancewood Road, Columbia, SC 29210.

18. Defendant Dawna Silver ("DAWNA") is a natural person that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

19. Any acts or omissions of DAWNA alleged in this Complaint were under the direct control or supervision of PALOMAR, and consequently Defendant PALOMAR is vicariously liable for these acts or omissions.

20. Defendant DAWNA's principal place of business is 15255 Innovation Drive, #150, San Diego, CA 92128.

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff was an individual residing within the State of California in the County of Riverside.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

23. This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

24. These financial obligations were primarily for personal, family or household purposes and are therefore "debts" as that term is defined by 15 U.S.C. §1692a(5).

25. The original creditor for the alleged debt was Palomar Medical Center.

26. On or about October 29, 2011, Plaintiff is alleged to have incurred certain financial obligations for an emergency room visit.

27. The majority of the medical bills were paid by Plaintiff's insurance company, Kaiser Permanente.

28. Subsequently, but before October 19, 2012, the remaining alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

29. On January 13, 2012, a letter was sent to Plaintiff Jeremy Miller by PALOMAR and DAWNA requesting the balance of the emergency room bill.

30. After receiving the letter, Plaintiff contacted his insurance company, Kaiser Permanente regarding the balance billing from PALOMAR. Plaintiff was informed the only amount he owed to PALOMAR would be the ER visit Co-pay. Plaintiff was further told due to the fact that Kaiser Permanente contracted with PALOMAR, he does not owe PALOMAR any amount above the Co-pay.

31. On March 23, 2012, another letter was sent to Plaintiff Jeremy Miller by PALOMAR and DAWNA again requesting the balance of the emergency room bill.

32. These communications were "debt collections" as Cal. Civ. Code 1788.2 (b) defines that phrase.

33. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated Cal. Civ. Code § 1788.17.

34. In August, 2012, AMCOL contacted Plaintiff informing him that the account had moved to collections. Plaintiff immediately contacted PALOMAR, and after reviewing the notes they had in their computer, a supervisor told him that the account was sent to collection in error, and the dispute would be resolved.

35. However, on October 19, 2012, Defendant AMCOL sent a dunning letter addressed to Plaintiff's home and in the name of Plaintiff seeking to collect a debt allegedly owed to "Palomar Medical Center". Plaintiff received it shortly thereafter.

36. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. §1692a(2) and as used in the CA FDCPA.

COMPLAINT

37. On numerous occasions from August, 2012 through February, 2013, Defendant AMCOL contacted Plaintiff via the telephone at his home. Plaintiff in February, 2013 asked AMCOL to stop contacting him.

38. When AMCOL contacted Plaintiff in August, 2012, Plaintiff and his wife were in the process of buying a home. They were submitting financial records and credit reports to the lender for loan approval. Learning that this account was sent to a collection agency weighed heavily on Mr. and Mrs. Miller during this stressful time.

39. On August 27, 2012, Plaintiff went to his doctor due to the stress that the collection was causing him. After numerous tests, the doctor prescribed Plaintiff a sedative to help him sleep at night and to help with the stress.

40. For the next six months, the phone rang constantly from agents at AMCOL calling to attempt to collect the balance billing. Plaintiff explained that he was not liable, but the phone calls continued.

**FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT AMCOL**
**(Violations of the Fair Debt Collection Practices Act ("FDCPA"),**
**15 U.S.C. §1692, *et seq.*)**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and/or omissions of Defendant AMCOL constitutes numerous and multiple violations of the FDCPA, including but not limited to the following actions taken against Plaintiff:

(a) Defendant AMCOL violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(b) Defendant AMCOL violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(c) Defendant AMCOL violated 15 U.S.C. §1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(d) Defendant AMCOL violated 15 U.S.C. §1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

(e) Defendant AMCOL violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

43. As a result of the above-described violations of the FDCPA, Plaintiff has suffered emotional distress and out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to 15 U.S.C. §1692k(a)(1). Plaintiff is also entitled to additional statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

**SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANTS**
**(Violations of the California Fair Debt Collection Practices Act**
**Cal. Civil Code §1788, *et seq.*)**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the CA FDCPA, including but not limited to the following actions taken against Plaintiff:

(a) Defendants and each of them violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

46. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to Cal. Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to Cal. Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code §1788.30(c) from Defendant, and emotional distress caused by Defendant's misconduct.

# THIRD CAUSE OF ACTION CLAIMED AGAINST DEFENDANTS
(Invasion of Privacy by Intrusion Upon Seclusion)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

49. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

50. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

51. Defendants' outrageous, abusive, willful, knowing and malicious acts constituted intrusion upon Plaintiff's seclusion.

52. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

53. The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

54. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress and actual injury as further described herein.

55. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

-9-
COMPLAINT

56. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

57. Defendant's violations of the CA FDCPA were willful and knowing. Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to Cal. Civil Code §1788.30.

58. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant for:

**First Cause of Action**

A. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including, but not limited to actual damages for emotional distress caused by Defendant's misconduct;

B. The maximum amount of statutory damages provided under 15 U.S.C. §1692k(a)(2)(A);

C. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant; and

D. Such other or further relief as the Court deems just and proper.

**Second Cause of Action**

E. An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including, but not limited to actual damages for emotional distress caused by Defendant's misconduct;

F. The maximum amount of statutory damages provided under Cal. Civil Code §1788.30(b);

G. For an award of costs of litigation and reasonable attorneys' fees pursuant to Cal. Civil Code §1788.30(c); and

H. Such other or further relief as the Court deems just and proper.

**Third Cause of Action**

I.    For an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA, CA FDCPA, and California Regulation violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

J.    Punitive Damages;

K.    For reasonable attorneys' fees and costs of suit as specified under, inter alia, California Code of Civil Procedure §1021.5; and

L.    Such other or further relief as the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

DATED: March 22, 2013    Respectfully submitted,

LAW OFFICES OF BARAK BERLIN

*/s/ Barak Berlin/*

BARAK BERLIN
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV13- 540 VAP (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: Barak J. Berlin
Law Offices of Barak Berlin
41530 Enterprise Circle South, Ste 209
Temecula, CA 92590

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Jeremy Miller | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. Palomar Health dba Palomar Pomerado Health, AMCOL Systems, Inc., and Dawna Silver, *and Does 1 through 10, Inclusive* DEFENDANT(S). | FILED CV 13 - 00540 VAP (OPx) SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Barak J. Berlin _____, whose address is 41530 Enterprise Circle South, Ste 209, Temecula, CA 92590 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 22 2013

By: ADRIENE MORRIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                        SUMMONS

©COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS (Check box if you are representing yourself ☐) |
|---|---|
| Jeremy Miller | Palomar Health dba Palomar Pomerado Health, AMCOL Systems, Inc., and Dawna Silver |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Barak Berlin, Law Offices of Barak Berlin<br>41530 Enterprise Circle South, Ste 209, Temecula, CA 92590<br>(951) 296-6188 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 3,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 Violations of the FDCPA, California Rosenthal FDCPA, and Invasion of Privacy by Intrusion upon Seclusion

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | | TORTS | ☐ 530 General | SOCIAL SECURITY |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | TORTS PERSONAL INJURY | PERSONAL PROPERTY | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | Other: | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | BANKRUPTCY | ☐ 560 Civil Detainee Conditions of Confinement | FEDERAL TAX SUITS |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | FORFEITURE/PENALTY | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | LABOR | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | REAL PROPERTY | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **ED CV 13 - 00540 VAP (OPx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | South Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: March 22, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |